IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUSTIN T. BINKS                        :
                                       :
                                       :
    v.                                 : Civil Action No. DKC 19-0298
                                       :
KAREN L. COLLIER, et al.               :
                                       :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Austin Binks commenced this action against Karen Collier and Tomas Collier (collectively, "Defendants") on January 31, 2019. (ECF No. 1). The court directed the Clerk to issue and provide summonses to Plaintiff for service on Defendants on March 7, 2019. (ECF No. 2). Plaintiff filed a motion seeking permission to serve Defendants via an alternate method of service on June 20, 2019. (ECF No. 4).

Plaintiff's motion for alternative service recites that Defendants were mailed a letter on March 10, 2019 asking if they would waive service. (*Id.*, at 2). Plaintiff received no response to his request and subsequently retained the services of a private process server to serve Defendants. (*Id.*) During March and April 2019, the private process server attempted to serve Defendants at their purported address in Hamilton, Ohio on nine separate occasions but was unsuccessful. (ECF No. 4-1, at 1). Attached to Plaintiff's motion is a signed return of non-service from the

private process server. (*Id.*). In May 2019, Plaintiff obtained a different private process server to attempt service, but after three attempts, Defendants were not served. (*Id.*, at 3-5).

Plaintiff requests permission to serve Defendants beyond the enumerated means permitted in the Federal Rules of Civil Procedure, the Maryland Rules, and the Ohio Rules of Civil Procedure because the Defendants thus far have been "avoiding service[.]" (ECF No. 4, at 2). Fed.R.Civ.P. 4(e)(2) permits service on an individual by

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Alternatively, an individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected. Fed.R.Civ.P. 4(e)(1). Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail

2

>       requesting: 'Restricted Delivery--show to
>       whom, date, address of delivery.'

Md. Rules 2-121(a). However, if the party intending to effect service presents the court with an affidavit stating that good faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed and service under Maryland 2-121(b)[1] is impracticable, the court is permitted to "order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996).

Additionally, service outside of Maryland can also be made in the manner prescribed by the rules of the state where service is to be effected if it is reasonably calculated to provide actual notice. Md. 2-121(a); *see also* Fed.R.Civ.P. 4(e)(1) (authorizing

---

[1] Md. Rule 2-121(b) states "[w]hen proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Md. Rule 2-121(b).

3

service of individuals in accordance with the rules of the state where service is to be effected).  Plaintiff's motion for alternate method of service asserts that Defendants live in Ohio.  (ECF No. 4).  Ohio Rules of Civil Procedure provide that the clerk of the court can effect service by United States certified or express mail return receipt requested, "with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered."  Ohio Civ. R. 4.1(A)(1)(a).  The clerk is also permitted to effect service via a commercial carrier service utilizing any form of delivery requiring a signed receipt.  Ohio Civ. R. 4.1(A)(1)(b).  Importantly, Ohio rules require service by mail to be made by the clerk of the court and not by a party.  Ohio Civ. R. 4.1(A)-(C).  Proper service is "[e]videnced by a return receipt signed by any person."  Ohio Civ. R. 4.1(A)(1)(a).  If service by certified mail is returned and marked unclaimed, Ohio Rule 4.6(D) allows for service by ordinary mail upon a written request filed with the clerk.  If the ordinary mail is not returned, service is considered complete.  Ohio Civ. R. 4.6(D).

Here, Plaintiff has not offered any affidavits detailing the methods of service provided for in Md. Rule 2-121(a) have failed, or that service under Md. Rule 2-121(b) would be impracticable.  Plaintiff has not alleged that Defendants have moved nor demonstrated how service via newspaper or through an attorney not

4

authorized to accept service will result in actual notice. (*See* ECF No. 4, at 2). Additionally, Plaintiff has not demonstrated that it requested the clerk of the court deliver a copy of the summons and complaint to the postal service, in accordance with Ohio law. Therefore, alternative service at this juncture is premature. Plaintiff will be directed to attempt service via certified mail restricted delivery, return receipt requested and provide the Clerk the United States Post Office acknowledgement as proof of service pursuant to Md. Rule 2-121(a)(3) and Md. Rule 2-126(a).

Accordingly, it is this 9th day of July, 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to for alternate service (ECF No. 4) BE, and the same hereby IS, DENIED;

2. The Clerk of Court is DIRECTED to transmit a copy of this Order to Plaintiff.

                                                          /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge